Filed 7/29/26  P. v. Perez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B350051 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XEAKA113936) |
| v. | |
| ERIC ARMENTA PEREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Eric Armenta Perez, in pro. per.; John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Eric Perez of first degree murder. Perez petitioned for resentencing under Penal Code section 1172.6.[1] The trial court denied the petition on the ground it was a successive petition. Perez appealed from the order denying his petition, his appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and Perez filed a supplemental brief. We independently review the record and conclude that Perez is not entitled to resentencing.

## BACKGROUND

This case arises out of an incident during which Perez's uncle made offensive comments about women in public.[2] His uncle argued with the victim, who had taken umbrage at the comments. At his uncle's instruction, Perez retrieved a gun and handed it to his uncle, who shot and killed the victim.

---

[1] All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[2] On our own motion, we take judicial notice of this division's opinion affirming Perez's judgment of conviction on direct appeal, *People v. Perez* (Jan. 28, 2021, B296242) [nonpub. opn.]. (Evid. Code, § 452, subd. (a); see generally *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*) [appellate opinion generally part of record of conviction in § 1172.6 proceedings].) We reference the evidence described therein only "for background purposes and to provide context for the parties' arguments." (*People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2, disapproved on another ground in *People v. Patton* (2025) 17 Cal.5th 549, 569.) We do not rely on these facts in assessing whether the trial court properly concluded that Perez failed to make a prima facie showing of eligibility for resentencing. (*Flores*, at p. 988.)

2

In 2018, a jury convicted Perez of first degree murder with true findings on allegations the murder was premeditated and a principal was armed with a firearm (§ 12022, subd. (a)(1)). In 2019, the trial court sentenced Perez to 25 years to life and stayed the sentence on the firearm enhancement.

In 2021, Perez filed a petition for resentencing under section 1172.6, which the trial court denied.[3] A different panel of this division affirmed that order denying Perez's section 1172.6 petition, finding that Perez's jury was not instructed on felony murder or the natural and probable consequences doctrine or on a theory that allowed the jury to impute malice to him. (*People v. Perez* (Jan. 8, 2024, B324095) [nonpub. opn.].)[4]

Thereafter, in 2025, Perez again petitioned for resentencing under section 1172.6. On September 11, 2025, the trial court summarily denied the petition because Perez had "previously filed a petition" that was denied at the prima facie stage. Accordingly, Perez "is barred from renewing a request under" section 1172.6.

This appeal followed. Perez's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Delgadillo*, *supra*, 14 Cal.5th 216. We directed counsel to provide a copy of the record to Perez. Perez then filed a supplemental letter brief in which he appears to argue that the felony murder doctrine no longer applies to his case, he could not be guilty of implied malice

---

[3]    The 2021 petition is not in the record on appeal.

[4]    We also take judicial notice of that opinion. (Evid. Code, § 452, subd. (a).)

3

second degree murder, and his youth was a relevant factor to determine his mens rea for the crime.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) and subsequent related legislation limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime.  (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986; *Lewis, supra*, 11 Cal.5th at pp. 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)

Senate Bill 1437 added section 188, subdivision (a)(3), which provides that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and malice "shall not be imputed to a person based solely on his or her participation in a crime."  Senate Bill 1437 also amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person (1) was the actual killer, (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor, or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d).  (*Gentile, supra*, 10 Cal.5th at p. 842.)

Senate Bill 1437 created a procedure, codified at section 1172.6, for a person convicted of murder under the former law to be resentenced if the person could not be convicted of those crimes under current law.  (*Lewis, supra*, 11 Cal.5th at p. 959; *Gentile, supra*, 10 Cal.5th at p. 847.)  A defendant commences

4

that procedure by filing a petition containing a declaration that, among other things, the defendant could not be convicted of murder under current law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

At this prima facie stage, the trial court takes as true the petitioner's factual allegations and assesses whether the petitioner would be entitled to relief if those allegations were proved. (*Lewis, supra,* 11 Cal.5th at p. 971.) The trial court may look at the record of conviction, including jury instructions, verdicts, and closing argument, to determine readily ascertainable facts such as the crime of conviction. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.) If at the prima facie stage the record of conviction establishes that the petition is meritless, the trial court may dismiss it. (*Lewis,* at p. 971.)

The trial court here properly dismissed Perez's petition. Although successive petitions are not necessarily barred if they rest on new legal authority, Perez cited no new authority. (See generally *People v. Farfan* (2021) 71 Cal.App.5th 942, 946–947.)

Also, the record of conviction established that Perez was ineligible for resentencing as a matter of law. The trial court did not instruct his jury on the natural and probable consequences doctrine or felony murder. Instead, the trial court instructed the jury on direct aiding and abetting with CALCRIM No. 401. Direct aiding and abetting remains a valid theory of murder after the passage of Senate Bill 1437. (*Gentile, supra,* 10 Cal.5th at pp. 847–848.)

As to arguments Perez raises in his supplemental brief, the jury did not convict him of implied malice second degree murder. It convicted him of first degree murder with a premeditation

5

finding.  (Compare with *People v. Pittman* (2023) 96 Cal.App.5th 400, 416–417 [youth is relevant to whether defendant acted with implied malice second degree murder].)  To the extent Perez also asks for appointment of new appellate counsel or otherwise raises ineffective assistance of appellate counsel, we reject the argument and request for new appellate counsel.  (See generally *People v. Marsden* (1970) 2 Cal.3d 118; *People v. Lyons* (2009) 178 Cal.App.4th 1355, 1359, fn. 1 [appellate counsel is " ' "captain of the ship" ' " who alone decides what contentions are arguably meritorious].)

**DISPOSITION**

The order denying Eric Perez's Penal Code section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ASHWORTH, J.*

We concur:

ADAMS, Acting P. J.                    HANASONO, J.

---

*       Retired Judge of the El Dorado Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6